NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:           Civil No. 05-2476 (AET)
HERBERT STEIN, M.D. and MILLIE   :
STEIN                            :
                                 :
    Plaintiffs,                  :           MEMORANDUM & ORDER
                                 :
    v.                           :
                                 :
BAYER CORP.,                     :
                                 :
    Defendant                    :
                                 :
_____:

THOMPSON, U.S.D.J.

    This matter is before the Court on Plaintiffs Herbert Stein, M.D., and Millie Stein's Motion to Remand this case to the Superior Court of New Jersey. The Court decided this matter after considering the written submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons given below, Plaintiffs' motion is granted and this matter is remanded to the Superior Court of New Jersey, Law Division (Monmouth County).

BACKGROUND

    In November 2002, the Plaintiff, Herbert Stein, M.D., self-prescribed an antibacterial agent known as Avelox® which is manufactured by the Defendant. The Plaintiff suffered a drug immune reaction known as Stevens-Johnson syndrome, which manifested itself as blistering of the skin and mucous membranes. Initially admitted to a local hospital, the Plaintiff was later

1

transferred to a regional medical center for more specialized treatment. The Plaintiff's treatment was similar to that given to a patient who suffered from second degree burns. He remained there until December 4, 2002.  According to the Plaintiff, while he experienced an extremely serious reaction, it was transient and has been resolved.

     Plaintiffs filed suit in the Superior Court of New Jersey, Monmouth County, on March 22, 2004 alleging product liability and inadequate warnings.  However, the Complaint did not specify damages. The Complaint was served on the Defendant on April 5, 2004 and on May 3, 2004 the Defendant filed a timely Notice of Removal and removed the matter to this Court, pursuant to 28 U.S.C. §§ 1141, 1146, and in accordance with 28 U.S.C. § 1332.  Diversity jurisdiction was premised on the diverse citizenship of the parties and the Defendant's belief that the amount in controversy exceeded the threshold value of $75,000. The Plaintiffs filed a Motion to Remand, which the Defendant did not oppose, alleging that the value of the Dr. Stein's injuries did not exceed $75,000.  The Motion was granted on September 29, 2004.

     Over the next several months, the parties exchanged correspondence and had discussions regarding settlement but remained far apart, with Plaintiffs making a $25,000 settlement demand and the Defendant countering with an offer of $7,500.  On March 21, 2005 Plaintiffs made another demand to the Defendant of $100,000 for settlement of all claims.  On April 7, 2005, the Defendant sent the Plaintiff a Demand for Statement of Damages pursuant to N.J. Ct. R. 4:5-2. Plaintiffs responded to this demand with a figure of $500,000. On the basis of this response, the Defendant filed a Second Notice of Removal with this Court on May 10, 2005.

     Plaintiffs now move to remand the case to the Superior Court of New Jersey asserting that any demands made were only negotiating positions and not a true valuation of the case, and that

pursuant to 28 U.S.C. § 1446(b) the Second Notice of Removal was untimely. However, the Defendant states that the response received to the N.J. Ct. R. 4:5-2 demand was sufficient to confirm that the amount in controversy exceeded $75,000, thereby supporting the Defendant's motion for removal. Defendant further argues that, based on Plaintiffs' prior valuations of the case, an equitable extension of the one-year bar against removal is appropriate.

## DISCUSSION

Addressing the timeliness issue first, 28 U.S.C. § 1446(b) provides that a defendant has thirty days to file a notice of removal after service of the complaint. If it is unclear from the complaint whether the case is removable, then the defendant has thirty days to remove a case to federal court after it first becomes clear, by way of "amended pleading, motion, order or other paper," that the case is removable. 28 U.S.C. § 1446(b). Notwithstanding this last provision, a case based on diversity jurisdiction may not be removed more than one year after commencement of the action. Id.

In this case, the Plaintiffs' Complaint was originally filed in the Superior Court of New Jersey on March 22, 2004. In addition, this Second Notice of Removal was not filed until May 10, 2005, more than one year after commencement of the action. Defendant contends that Plaintiffs' course of conduct throughout the litigation requires the Court to relax the one year limitation on removal. Specifically, Defendant argues that: (1) in their first motion to remand Plaintiffs stated that the case was not worth $75,000; (2) Plaintiffs raised their settlement demands weeks before the one-year limitation on removal; (3) Plaintiffs did not prosecute their case until just before the one-year limitation; and (4) Plaintiffs have not responded to discovery requests. According to Defendant, it was not until it received an answer to the N.J. Ct. R. 4:5-2

statement of damages that it was clear that the case was worth more than $75,000.

The Third Circuit has not addressed the issue of whether the one year bar on removal is subject to an equitable extension. However, the Fifth Circuit has concluded that "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." Tedford v. Warner Lambert Co., 327 F.3d 423, 426 (2003) (stating "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction."). The Fifth Circuit's conclusion stands in contrast to those of several district courts which hold that the plain language of § 1446(b) precludes an equitable extension. See e.g., Jenkins v. Sandoz Pharms. Corp., 965 F. Supp. 861, 869 (N.D. Miss. 1997); Russaw v. Voyage Life Ins. Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996); Whisenant v. Roach, 868 F. Supp. 177, 178 (S. D. W. Va. 1994).

Yet, even assuming this Court agreed with the Fifth Circuit's approach, the facts of this case do not warrant an equitable extension. New Jersey Court Rule 4:5-2 requires complaints filed in New Jersey Superior Court to plead unliquidated monetary damages generally. The rule further provides that "[u]pon service of a written request by another party , the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed. . . ." Here, Defendant could have avoided any perceived bad-faith efforts to avoid federal jurisdiction by immediately demanding a N.J. Ct. R. 4:5-2 statement of damages after receiving the Complaint. See Buchanan v. Lott, 255 F. Supp. 2d 326, 330 n.2 (3d Cir. 2003). Therefore, the Court finds an equitable extension of § 1446(b)'s one year bar on removal unwarranted. Since the Defendant's removal is untimely, the Court will

not address whether Plaintiffs' case exceeds the requisite amount in controversy for diversity jurisdiction.

## CONCLUSION

For these reasons,

It is on this 15th day of August, 2005,

ORDERED that Plaintiffs' Motion to Remand is GRANTED, and it is further

ORDERED that this case is CLOSED.

s/Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.